UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY JOHNSON, | No. 2:21-cv-2283 TLN DB PS |
| Plaintiff, | |
| v. | <u>ORDER AND</u> |
| CROWN LIFTS, | <u>FINDINGS AND RECOMMENDATIONS</u> |
| Defendant, | |

Plaintiff Jimmy Johnson is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). (ECF No. 12.) On February 21, 2023, the undersigned issued an order setting this matter for a Status (Pretrial Scheduling) Conference. (ECF No. 13.) Pursuant to that order, plaintiff was to file a status report on or before March 24, 2023. Plaintiff, however, failed to file the required status report.

Accordingly, on March 31, 2023, the undersigned issued an order to show cause, ordering plaintiff to show cause in writing within fourteen days as to why this action should not be dismissed for lack of prosecution. Plaintiff was warned that the failure to timely comply with that order could result in a recommendation that this case be dismissed. (<u>Id.</u> at 2.) Nonetheless, the

////

////

1

time provided plaintiff has expired and plaintiff has not responded to the March 31, 2023 order.[1] Thereafter, defendant filed a motion for summary judgment and noticed the motion for hearing before the undersigned on June 16, 2023.  (ECF Nos. 18 & 20.)

ANALYSIS

The factors to be weighed in determining whether to dismiss a case for lack of prosecution are as follows: (1) the public interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition on the merits; and (5) the availability of less drastic sanctions.  Hernandez v. City of El Monte, 138 F.3d 393, 398 (9th Cir. 1998); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992); Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).  Dismissal is a harsh penalty that should be imposed only in extreme circumstances.  Hernandez, 138 F.3d at 398; Ferdik, 963 F.2d at 1260.

Failure of a party to comply with the any order of the court "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  Local Rule 110.  Any individual representing himself or herself without an attorney is nonetheless bound by the Federal Rules of Civil Procedure, the Local Rules, and all applicable law.  Local Rule 183(a).  A party's failure to comply with applicable rules and law may be grounds for dismissal or any other sanction appropriate under the Local Rules.  Id.

Here, plaintiff has failed to respond to multiple orders of the court.[2]  Plaintiff was warned that the failure to file a written response could result in a recommendation that this matter be dismissed.  In this regard, plaintiff's lack of prosecution of this case renders the imposition of monetary sanctions futile.  Moreover, the public interest in expeditious resolution of litigation, the court's need to manage its docket, and the risk of prejudice to the defendant all support the

---

[1] Plaintiff's copies of the February 21, 2023 order and the March 31, 2023 order were returned as undeliverable.  Pursuant to Local Rule 183(b) a plaintiff appearing pro se has a duty to keep the Court advised of his or her current address.

[2] Plaintiff has also failed to keep the Court advised of his or her current address.

imposition of the sanction of dismissal.  Only the public policy favoring disposition on the merits counsels against dismissal.  However, plaintiff's failure to prosecute the action in any way makes disposition on the merits an impossibility.  The undersigned will therefore recommend that this action be dismissed due to plaintiff's failure to prosecute as well as plaintiff's failure to comply with the Court's orders.  See Fed. R. Civ. P. 41(b).

Accordingly, IT IS HEREBY ORDERED that:

1. The May 12, 2023 Status (Pretrial Scheduling) Conference is vacated;

2. Defendant's April 20, 2023 motion for summary judgment (ECF No. 18) is denied without prejudice as having been rendered moot[3]; and

3. The June 16, 2023 hearing of defendant's motion is vacated.

Also, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's complaint filed August 27, 2021 (ECF No. 1) be dismissed without prejudice; and

2. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 8, 2023              /s/ DEBORAH BARNES
                                UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/johnson2283.dlop.f&rs

---

[3] In the event these findings and recommendations are not adopted in full defendant may re-notice the motion for summary judgment for hearing before the undersigned.

3